PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO.
et al. (and Two Other Causes).

(District Court, S. D. New York. April 4, 1913.)

STREET RAILROADS (§ 55*)—FORECLOSURE OF MORTGAGE—SALE—RECEIVERS'
CONTRACT—LIABILITY OF PURCHASER.

Where a foreclosure decree, under which property of certain street railroads was sold, provided that the purchaser or his assigns should assume all pending, uncompleted, and unexecuted contracts of the receivers, but should not be personally liable for any unpaid indebtedness of the receivers, the purchaser's assigns were not liable to petitioner under an alleged royalty contract with the receivers for the equipment of cars with the pay-as-you-enter plan; it appearing that the cars in controversy had been equipped by the receivers long prior to the entry of the decrees in the foreclosure proceedings, or a sale of the property.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 134; Dec. Dig. § 55.*]

In Equity. Suit by the Pennsylvania Steel Company and another against the New York City Railway Company and others, with two other causes. Application by the Pay-As-You-Enter Corporation for an order directing the New York Railways Company, to whom, through a purchasing committee, the property in the hands of the receivers of the New York Central Railway Company, etc., passed on foreclosure sale, to pay a claim for alleged unpaid royalties and license fees under an agreement between petitioner and the receiver. Dismissed.

See, also, 201 Fed. 418.

John C. Rowe and Joseph L. Levy, both of New York City, for petitioner.

James L. Quackenbush, of New York City, for New York City Ry. Co.

Arthur H. Masten, of New York City, for receivers.

LACOMBE, Circuit Judge. The petitioner is the owner of a United States patent covering, as is alleged, a certain system of constructing and equipping street cars of the type known as "pay-as-you-enter" cars. It made a contract with receivers while they were operating the old Metropolitan System, licensing them to manufacture and repair cars of that type covered by the patent on payment of a royalty of $100 for each car. Under this contract the receivers, between November 5, 1907, and February 10, 1908, constructed and equipped 155 such cars, for which they paid the stipulated license fee. Thereafter, and prior to December 31, 1909, the receivers constructed and equipped 375 other cars. Petitioner contends that these are of the type covered by the patent, and that under the terms of the contract the license fees of $100 per car should have been paid. Such license fees were not paid by the receivers, because they contend that the 375 cars were of a different type not covered by the claims of the patent, and therefore were not within the terms of the contract.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The petitioner relies on a clause in the decree of foreclosure which provides that the purchaser (or his assigns) shall assume all pending, uncompleted, and not fully executed contracts of the receivers. The same decree contains the further clause that no purchaser shall be held personally liable for any unpaid indebtedness of the receivers. The decrees of foreclosure and sale were not entered until April and May, 1910, and the property was sold December 29, 1911, long after the 375 cars had been built and the receivers had refused to pay for them on the ground that they did not contain the devices covered by the claims of the patent.

If petitioner is right in its contention that these cars are covered by the patent, the contract was broken, and the obligation to respond in damages for its breach was incurred by the receivers, long before the foreclosure sale. The petitioner has mistaken its remedy. It should proceed against the receivers, with whom it made the contract. It could do this by suit, possibly in a state court, since it is suing on a contract to pay license fees; certainly in a federal court, for the real controversy is whether certain cars are or are not covered by the claims of a patent. Or, if petitioner wishes a more expeditious disposition of the controversy, it could file a claim against receivers, which the court would send to a special master, experienced in patent law. The report of such master would be reviewable by this court, and, if desired, by the Circuit Court of Appeals. If the petitioner should prevail, there will be no difficulty about his collecting the amount of his judgment or decree. Ample provision has been made for supplying the receivers with cash to meet all the obligations they may have incurred while operating the road.

The petition is dismissed.